**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

DOUGLAS W. JAMISON,

Petitioner,

v. Case No. 16-13437

JEFFERY WOODS,

Respondent.
________________________________________/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE

Petitioner Douglas W. Jamison filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges his Bay Circuit Court convictions for manufacture of between 5 and 45 kilograms of marijuana, felon in possession of a firearm, and possession of a firearm during commission of a felony. The matter before the court is Petitioner's Motion to Hold Habeas Petition in Abeyance while he awaits resentencing.

## I. BACKGROUND

Following Petitioner's conviction, he filed a direct appeal in the Michigan Court of Appeals, which affirmed the conviction. *People v. Jamison*, No. 303882, 2012 WL 1890094, at *1 (Mich. Ct. App. May 22, 2012). On September 24, 2012, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Jamison*, 493 Mich. 857, 820 N.W.2d 787 (2012). For statute-of-limitations purposes, his conviction became final 90

days later, when the time for filing a petition for writ of certiorari expired, on or about December 24, 2012. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Approximately 10 months later, Petitioner filed a motion for relief from judgment in the trial court raising additional claims. The trial court and Michigan Court of Appeals denied relief. Then, on July 26, 2016, the Michigan Supreme Court granted relief, vacated petitioner's sentences, and ordered the trial court to resentence Petitioner due to incorrectly scored sentencing guidelines. *People v. Jamison*, 499 Mich. 980, 882 N.W.2d 146 (2016).

## II. DISCUSSION

Petitioner raises the same claims in this action that he raised and exhausted in the state courts on direct review and state post-conviction review. He seeks a stay of the case on the grounds that, as of the time of his filing, he had not been resentenced by the trial court as ordered by the Michigan Supreme Court and he believes that under two months remain on the one-year statute of limitations under 28 U.S.C. § 224(d)(1)(A).

Petitioner is incorrect. The imposition of a new judgment of sentence will restart the statute of limitations. *See Crangle v. Kelly*, No. 14-3447, 2016 WL 5219880, at *4 (6th Cir. Sept. 22, 2016). Therefore, Petitioner is not in danger of running afoul of the statute of limitations.

Moreover, Petitioner does not argue that he wishes to present new claims to the state courts following resentencing. All of the claims that he raises in his habeas petition are exhausted. Thus, no need exists to stay the case for Petitioner to exhaust his state

court remedies with respect to any new claims. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

**III. CONCLUSION**

Accordingly, IT IS SO ORDERED that the Petitioner's Motion to Hold Habeas Petition in Abeyance (Dkt. #3) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-13437.JAMISON.denystay.bss.bhb.wpd