**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

DOUGLAS W. JAMISON,

                Petitioner,                               Case No. 16-13437

v.

JEFFREY WOODS,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL
*IN FORMA PAUPERIS***

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Douglas W. Jamison was convicted of manufacturing marijuana, Mich. Comp. Laws § 333.7401(2)(d)(iii), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and two counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, after a jury trial in the Bay County, Michigan Circuit Court. The trial court sentenced Petitioner as a fourth habitual felony offender to concurrent terms of 58-to-180 months imprisonment for the controlled substance conviction, 58-to-300 months imprisonment for the felon in possession of a firearm conviction, and two consecutive 2-year terms for the felony-firearm convictions.

The petition raises eight claims: (1) there was insufficient evidence presented at trial to support Petitioner's convictions for felon in possession of a firearm and commission of a felony with a firearm; (2) Petitioner was denied the effective assistance of counsel at trial; (3) one of Petitioner's felony-firearm convictions must be vacated

1

because the predicate felony was dismissed by the prosecutor; (4) Petitioner's felony-firearm conviction should be served concurrently with his manufacture of marijuana conviction; (5) trial counsel was ineffective for failing to advise Petitioner to accept a plea bargain; (6) Petitioner's right to a speedy trial was violated; (7) the prosecutor committed misconduct during closing arguments; and (8) Petitioner's appellate counsel was ineffective for failing to raise the above fifth, sixth, and seventh claims on direct appeal. The court will deny the petition because Petitioner's claims are without merit or barred by his state court procedural defaults.

## I. BACKGROUND

This court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> In August 2009, two witnesses observed defendant shooting a firearm outside the house defendant shared with his mother in Williams Township. During a subsequent search of the residence, officers found 65 firearms in a locked room, as well as marijuana growing in a utility shed. Although 32 marijuana plants were seized, only 18 had viable root systems.
>
> . . .
>
> Defendant contends that he lived in a motor home on the premises, but there was evidence that he lived in the house.

*People v. Jamison*, 2012 WL 1890094, at *2 (Mich. Ct. App. May 22, 2012) (footnotes omitted).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal, raising the following four claims: (1) there was insufficient evidence to support Petitioner's

2

convictions of felon in possession of a firearm and felony firearm and Petitioner was denied due process of law and is entitled to reversal of these convictions; (2) Petitioner was denied a fair trial and defense trial counsel was constitutionally ineffective in failing to move for a mistrial after a deputy sheriff testified that Petitioner reported being recently released from prison; (3) One of Petitioner's convictions for felony firearm must be reversed for insufficient evidence as the Government dismissed the charge of manufacturing of 5-45 kilograms of marijuana on which it was predicated; and (4) Petitioner's judgment of sentence must be amended to permit him to serve his felony firearm sentence concurrent with his sentence for manufacture of marijuana. *Id.* The Michigan Court of Appeals affirmed in an unpublished opinion.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed." *People v. Jamison*, 820 N.W.2d 787 (Mich. 2012) (Table).

Petitioner then filed a motion for relief from judgment in the trial court under Michigan Court Rule 6.501. The motion raised the following five claims:

> I. Defendant's convictions should be reversed and the plea offer reinstated where defendant would have accepted a plea deal offered by the prosecutor were it not for his reliance on his trial attorney's erroneous advice.
>
> II. Defendant is entitled to resentencing because offense variables nine and nineteen were incorrectly scored, resulting in an inappropriately inflated sentencing guidelines range. Defendant's state and federal constitutional due process rights to be sentenced based on accurate information were thus denied. Further, trial counsel rendered ineffective assistance in failing to object to the incorrect scoring of OV 19.

III. Defendant's convictions must be vacated and the charges dismissed with prejudice where his state and federal constitutional rights to a speedy trial were violated where almost nineteen months lapsed between arrest and trial due to delays attributable to the state. Trial counsel was ineffective for failing to move for a dismissal of all charges with prejudice.

IV. The prosecutor denied defendant his state and federal constitutional rights to a fair trial by arguing facts not in evidence in his closing arguments. Trial counsel was ineffective in failing to object.

V. The defendant was denied his state and federal constitutional rights to effective assistance of appellate counsel where counsel failed to raise the issues being presented in the present motion for relief from judgment on direct appeal in the defendant's appeal of right.

The trial court denied the motion by opinion and order dated March 20, 2014. The court found that Petitioner failed to demonstrate "good cause" or "actual prejudice" as required by Michigan Court Rule 6.508(D)(3) to excuse his failure to raise his claims on direct appeal.

Petitioner appealed this decision to the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal "for failure to establish entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Jamison*, No. 323391 (Mich. Ct. App. Nov. 7, 2014).

Petitioner appealed this decision to the Michigan Supreme Court. The Michigan Supreme Court remanded the case to the trial court for resentencing because of an error in the scoring of the sentencing guidelines, but it denied relief with respect to Petitioner's other claims under Rule 6.508(D). *People v. Jamison*, 882 N.W.2d 146 (Mich. 2016) (Table).

4

On remand, the trial court recognized the sentencing error, corrected the sentencing guidelines accordingly, but imposed the same sentence nonetheless. The Michigan Court of Appeals affirmed. *People v. Jamison*, No. 337602, 2018 WL 1831810, at *4 (Mich. Ct. App., Apr. 17, 2018).

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

5

state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. Apr. 4, 2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 102-103.

### III. DISCUSSION

### A. Sufficiency of the Evidence

In Petitioner's first claim, he asserts that insufficient evidence was presented at trial to sustain his firearm convictions. Petitioner argues that the only evidence linking him to the firearms found in the house was his possession of keys to the house and the locked room where the guns were found. He notes that the eyewitnesses who reported seeing him shoot a gun were civilians, and there was no definitive link between the gun he was seen shooting and the guns found in the house. He notes also that evidence indicated that he resided in a mobile home rather than the house where the guns were

6

found, and the mobile home did not contain any guns.  Lastly, he notes that the evidence showed that his mother was the person who resided in the house.

In reviewing sufficiency-of-the-evidence claims on habeas review, the court gives the state court's judgment a double layer of deference. *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the court must determine whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, even if the court concludes that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, it must defer to the state court's sufficiency determination as long as it is not unreasonable. *Id.* (citing 28 U.S.C. § 2254(d)(2)).

After reciting the correct constitutional standard, the Michigan Court of Appeals rejected Petitioner's claim as follows:

> Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence showing that defendant possessed the firearms. Two witnesses testified that they saw defendant shoot a gun outside the house. A police officer indicated that two firearms that were seized during the search matched descriptions that the witnesses had given. Defendant also admitted to an officer during the search that he had recently used a gun to put down a stray cat. This evidence showed that defendant had actual possession of a firearm, so there was sufficient evidence to support the felon-in-possession conviction and the felony-firearm conviction that was predicated on it.
>
> There was also sufficient evidence showing that defendant had constructive possession of firearms while he was growing the marijuana. When officers executed the search warrant and found the marijuana, defendant admitted that there were a considerable number of firearms locked in an upstairs room. Defendant's keys were then used to unlock the room and any of the inside cabinets that were locked. A suitcase in the room contained papers, assorted items, and pill bottles, all of which belonged to

7

defendant. Based on this evidence, a reasonable jury could have concluded that defendant was aware of the firearms and had reasonable access to them (indeed, it appears he did access them on at least one occasion). Therefore, there was sufficient evidence to support defendant's felony-firearm conviction that was predicated on manufacturing marijuana.

*Jamison*, No. 303882, 2012 WL 1890094, at *1-2.

The Michigan Court of Appeals' decision was reasonable. As noted by the state appellate court, Petitioner was seen shooting guns that resembled the types of guns recovered from his mother's house. Petitioner was in possession of keys to the house, the locked room where the marijuana and guns were found, and the locked cabinets where the guns were found. Personal items belonging to Petitioner were also found in the locked room. This evidence, viewed most favorably to the prosecution, allowed a rational fact-finder to determine that Petitioner was guilty of the charged offenses beyond a reasonable doubt. Additionally, given the evidence presented at trial, the state appellate court's sufficiency determination was reasonable and satisfied the *Jackson* standard. Petitioner's first claim is without merit.

### B. Ineffective Assistance of Trial Counsel

Petitioner's second claim asserts that his trial attorney provided ineffective assistance of counsel. He argues that his counsel performed deficiently by failing to object to the testimony of Bay County Deputy Sheriff Chris Mausolf when he recalled Petitioner informing him before the search that Petitioner had recently been released from prison.

To establish ineffective assistance of counsel, a defendant must show both that: (1) counsel's performance was deficient, i.e., "that counsel's representation fell below

8

an objective standard of reasonableness"; and (2) the deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Again after reciting the controlling constitutional standard, the Michigan Court of Appeals rejected Petitioner's second claim reasoning as follows:

> The officer's comments occurred in response to the prosecutor's question about a conversation the officer had with defendant when the search warrant was executed. While the officer should have refrained from indicating that defendant had recently been incarcerated, this minor irregularity would not have warranted a mistrial. In addition, this is one instance where objecting may have caused harm and drawn attention to the disclosure. Trial counsel's decision not to move for a mistrial was sound trial strategy and did not deny defendant the effective assistance of counsel.
>
> . . .
>
> The prosecutor did not specifically elicit the challenged information. We note that it was undisputed that defendant had a prior felony conviction, an element of the felon-in-possession charge.

*Jamison*, No. 303882, 2012 WL 1890094, at *2-3 (footnotes omitted). The Michigan Court of Appeals properly concluded that defense counsel's decision not to object was within the bounds of sound trial strategy.

9

Even assuming that counsel's failure to object to the pertinent statements was error, Petitioner has not demonstrated that he was prejudiced. Petitioner was charged with felon in possession of a firearm. Accordingly, evidence that Petitioner was a convicted felon was properly admitted at trial and Petitioner did not dispute whether he was a convicted felon. Under these circumstances, the fact that Petitioner has been in prison would have hardly been surprising to the jury, and there is not a reasonable probability that the officer's testimony to this effect altered the jury's verdict. Petitioner's second claim is, therefore, without merit.

### C. Felony-Firearm Conviction

Petitioner's third claim asserts that one of his two convictions for felony-firearm should be vacated because it related to a charge of manufacturing marijuana that had been dismissed by the prosecutor prior to trial. Petitioner asserts that Count 1 of the initial four-count criminal complaint charged him with the manufacture of between five and forty-five kilograms of marijuana, and Count 2 charged him with felony-firearm in connection with Count 1. Petitioner asserts that after it was determined that only some of the marijuana plants seized had viable root systems, Count 1 was amended to a lesser marijuana charge, but the prosecutor failed to amend Count 2 to correspond to the reduced Count 1. As a result, Petitioner asserts that he should not have been convicted of Count 2 because it was not associated with a charged felony predicate offense.

The Michigan Court of Appeals explained that Petitioner's third claim hinges on a mistaken interpretation of the charging documents:

10

> Finally, defendant argues that one of his felony-firearm convictions must be vacated and his judgment of sentence must be amended because of a deficiency in the felony information. Defendant bases his argument on the first amended information, which set forth a charge of manufacturing 20 or more but fewer than 200 marijuana plants, MCL 33.7401(2)(d)(ii), and indicated that one of the felony-firearm counts was based on manufacturing this marijuana.[] The manufacturing charge was reduced to a charge of manufacturing marijuana of the lowest quantity, MCL 33.7401(2)(d)(iii), because only 18 of the marijuana plants had viable root structures. Trial counsel agreed to this reduction on the record and a second amended information was filed later that day. This information did not include the higher manufacturing charge, and it indicated that one of the felony-firearm convictions was predicated on "Manufacturing of Marijuana." Although the MCL citation pertaining to the predicate felony for the felony-firearm charge was inaccurate in that it listed MCL 33.7401(2)(d)(ii) instead of MCL 33.7401(2)(d)(iii), the second amended information was nonetheless adequate in light of (1) the language employed ("Manufacturing of Marijuana"), (2) the concession by counsel on the record that a lower quantity of plants was in issue, and (3) the fact that the second amended information did not contain a separate charge for manufacturing 20 or more but less than 200 marijuana plants but only contained a charge for "manufacture [of] marijuana" under MCL 33.7401(2)(d)(iii). Defendant received sufficient notice that the prosecution intended to charge him for possessing a firearm while manufacturing marijuana. It was only the quantity that later changed in defendant's favor. Reversal is not warranted. See, generally, *Unger*, 278 Mich. App. at 221-222 (discussing unfair surprise or prejudice in the context of amending an information).

*Jamison*, 2012 WL 1890094, at *3-4.

The Sixth Amendment guarantees a criminal defendant the right to be informed of the nature of the accusations against him. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *In Re Oliver*, 333 U.S. 257, 273 (1948); *Lucas v. O'Dea*, 179 F. 3d 412, 417 (6th Cir. 1999). Of course, "whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F. 2d 918, 930 (6th Cir. 1988). But a defect in a state court information or indictment does not offend the Constitution unless the

petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend against the charges. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002).

Here, Petitioner has not demonstrated that he lacked adequate notice of the charges brought against him. The only problem with the amended charging document was the failure to change the specific statutory citation in Count 2 to the underlying felony listed in revised Count 1. Count 2 still referred to the initial manufacturing charge, and according to the state appellate court, the language describing the underlying felony was simply "Manufacturing of Marijuana." Because Petitioner was charged with only a single marijuana count, he received adequate notice that Count 2 related to the marijuana charge as amended in Count 1.

Moreover, Petitioner has not demonstrated that he was denied an opportunity to defend against the felony-firearm charge. Petitioner's defense to both felony-firearm charges was that the prosecutor failed to prove that he had constructive possession of the firearms found in the house. The defense did not hinge on or fail as a result of any technical defect in the indictment with respect to the predicate felony for Count 2. Petitioner's third claim is, therefore, without merit.

### D. Consecutive Sentence

Petitioner's fourth claim is related to his third claim. He asserts that consecutive sentencing for felony-firearm offenses is only authorized under Michigan law where the felony-firearm conviction is associated with a predicate felony conviction. Petitioner reasons that because his Count 2 felony-firearm conviction was not associated with a

predicate felony conviction, his sentence for that offense should run concurrently with his other sentences.

Setting aside the fact that the Michigan Court of Appeals decision with respect to Petitioner's third claim undermines the basis for his fourth claim, the claim fails for the independent reason that is it non-cognizable. Whether a criminal defendant was properly sentenced to consecutive terms of imprisonment under state law is not cognizable for purposes of habeas corpus review. *See Harrison v. Parke*, 1990 WL 170428, at *2 (6th Cir. Nov. 6, 1990) ("Because it is a matter of substantive state law whether [a petitioner's] sentence should run concurrently or consecutively, we find the district court did not err in ruling that [a petitioner's] challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding."); *Jones v. Smith*, 1995 WL 45631 at *1 (6th Cir. Feb. 3, 1995) (a habeas petitioner's "contention that his consecutive life sentences are unauthorized under state law does not warrant habeas relief.") (citing *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982)). Petitioner's fourth claim does not present a cognizable claim.

### E. Procedural Default

Petitioner's remaining claims, his fifth through eighth claims, were presented to the state courts in his motion for relief from judgment and the appeal that followed denial of his motion. His fifth claim asserts that his counsel was ineffective for failing to advise him to accept a plea bargain to a lesser charge. His sixth claim asserts that his rights under the Speedy Trial Act were violated due to an 18-month delay between his arrest on September 3, 2009, and the start of his trial on March 23, 2011. Petitioner's

seventh claim asserts that the prosecutor committed misconduct by arguing facts not in evidence during closing argument. Finally, Petitioner's eighth claim asserts that his appellate counsel was ineffective for failing to raise the foregoing claims during Petitioner's direct appeal.

In denying the motion for relief from judgment, the Bay County Circuit Court noted that Petitioner had not raised any of his new claims on direct appeal and that, pursuant to Michigan Court Rule 6.508(D)(3), Petitioner was required to show cause for this failure and actual prejudice from the irregularities that supported his claims, which he failed to do. Both the Michigan Court of Appeals and the Michigan Supreme Court subsequently denied leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).

Because the form orders of the Michigan appellate courts were ambiguous as to whether they referred to the procedural default provisions of Rule 6.508(D) or constituted a denial of relief on the merits, this court must look to the trial court's order to determine the basis for the state court's rejection of Petitioner's claims. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

Here, the language of the trial court's order made it apparent that the court was denying relief under Rule 6.508(D)(3), which precludes review of an issue raised in a post-conviction motion if that issue could have been raised on direct appeal unless the petitioner shows cause and prejudice or actual innocence. Enforcement of Michigan Court Rule 6.508(D)(3) constitutes "an independent and adequate state ground sufficient for procedural default." *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012).

Accordingly, Petitioner's new claims are procedurally barred from review due to Petitioner's failure to satisfy the requirements of Rule 6.508(D)(3) during state post-conviction review.

To excuse his state court default and enable review of his claims here, Petitioner must demonstrate cause for the default and prejudice from the alleged constitutional violations, or that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's eighth claim asserts that the ineffectiveness of his appellate counsel constitutes cause to excuse his default.

Petitioner has failed, however, to demonstrate that his appellate counsel was ineffective for failing to raise his new claims in addition to the claims that were raised on direct appeal. There is no duty for appellate counsel to "raise every 'colorable' claim suggested by a client" and that doing so "would disserve the very goal of vigorous and effective advocacy[.]" *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Strategic and tactical decisions regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Appellate counsel does not need to raise every nonfrivolous argument. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). "'[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). "Moreover, not only must the issue omitted be significant, but it must also be 'obvious.'" *Shelton v. McQuiggin*, 651 F. App'x. 311, 314 (6th Cir. 2016) (citing *McFarland v. Yukins*, 356 F.3d 688, 711 (6th Cir. 2004)).

Petitioner has not demonstrated, or even argued, that the three substantive claims he raised in his motion for relief from judgment are clearly stronger than the claims raised by his appellate counsel on direct appeal. Indeed, Petitioner still asserts that the claims raised on direct appeal are meritorious, and they constitute his four lead claims in this action. Furthermore, for the reasons stated by Respondent in its answer, (see Dkt. # 11 Pg. ID 220-237), Petitioner's post-convictions claim are without merit. Petitioner's appellate counsel, therefore, did not perform deficiently by failing to raise them on direct appeal, and as a result, Petitioner has failed to demonstrate cause to excuse his procedural default.

Finally, Petitioner has failed to present any new reliable evidence of his actual innocence. He, therefore, has not demonstrated that a fundamental miscarriage of justice would result by a failure to review his post-conviction claims. *See House v. Bell*, 547 U.S. 518, 536 (2006).

Having presented no meritorious claims, Petitioner is not entitled to relief and the court will deny his petition.

### IV. Certificate of Appealability

In order to appeal the court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the court's analysis with respect to any of Petitioner's claims because they are devoid of merit. The court will therefore decline to issue a certificate of appealability. Furthermore, the court will deny Petitioner permission to appeal *in forma pauperis* because any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and permission to appeal *in forma pauperis* is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2018, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522